UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS S. CULVER,

    Plaintiff,

v.                                                  Case No. 21-cv-1201-pp

MILWAUKEE CATHOLIC ARCHDIOCESE,
EASTERN DISTRICT FEDERAL
BANKRUPTCY COURT,
and HUSCH BLACKWELL LLP,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT AND DEFERRING RULING ON PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 8)**

On October 18, 2021, the plaintiff—representing himself—filed a complaint alleging (1) a conspiracy between the defendants, (2) defamation, (3) a violation of the Americans with Disability Act (ADA), (4) a violation of the Health Insurance Portability and Accountability Act (HIPAA) and (5) obstruction of justice. Dkt. No. 1. His claims relate to a bankruptcy proceeding in the Eastern District of Wisconsin Bankruptcy Court that occurred between 2012 and 2015 and an alleged "Pedophile cult" the plaintiff asserts was run by the defendant Milwaukee Catholic Archdiocese. Id. at 7-10. The plaintiff requests $5,000,000 in compensatory damages and $20,000,000 in punitive damages. Id. at 5. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 8.

1

**I.  Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff reports that he is unemployed, unmarried and has no children. Dkt. No. 2 at 1. He also has no income other than $900 per month from SSDI payments. Id. at 2. He pays $550 each month for rent and $251 in monthly household expenses, for total monthly expenses of $801. Id. at 2-3. He says that he has $250 in cash or a bank account but no other property of value. Id. at 3. The plaintiff has a net income of only $99 per month and has only $250 to his name. The court concludes that the plaintiff cannot prepay the filing fee.

The court will grant the plaintiff's motion to proceed without prepaying the filing fee. This does not mean, however, that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every ... person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without *ever* paying fees.").

**II.     Screening**

In cases where the plaintiff asks to proceed without prepaying the filing fee, the court is required to dismiss the case if it determines that the claims are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff first claims that the defendants engaged in a conspiracy to "deny plaintiff Due Process during the Milwaukee Archdiocese Bankruptcy in 2012-2015." Dkt. No. 1 at 7. "[C]ivil conspiracy is not a separate cause of action, but rather a theory of liability." Ferris v. Location 3 Corp., 337 Wis. 2d 155, 163-64 (Wis. Ct. App. 2011). The court will consider this claim last, because it relies on the viability of the plaintiff's other claims.

3

A. <u>Defamation (Count 2)</u>

The plaintiff next asserts a defamation claim against the defendants for questioning his mental stability during the 2012-2015 bankruptcy proceedings. Dkt. No. 1 at 8. To state a claim for defamation, a state-law claim, the plaintiff must allege three elements:

> (1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed; and (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her.

<u>Laughland v. Beckett</u>, 365 Wis. 2d 148, 164 (Wis. Ct. App. 2015).

The complaint does not indicate which of the defendants made the allegedly defamatory remark, nor does it assert that the communication harmed the plaintiff's reputation or deterred a third person from associating with him. At separate points in the complaint, the plaintiff alleges that Bishop William Callahan and the bankruptcy judge made comments about his mental stability; neither of these individuals are named as defendants on the completed template complaint, dkt. no. 1 at 1, but the plaintiff does list them as defendants on his "added pages," <u>see</u> <u>id.</u> at 7. The plaintiff also has not described the language of the false statement, stating only that one person (or possibly several people) questioned his mental stability. He does not say how the alleged statement was communicated; he asserts only that he is not mentally unstable, stating, "I have a mental illness, but this does not cause 'mental instability.'" <u>Id.</u> at 9. Because the plaintiff has not alleged each of the

4

three elements for a defamation claim under Wisconsin law, he has not stated a claim for defamation.

      B.    <u>ADA (Count 3)</u>

The plaintiff next alleges that the defendants violated his rights under the Americans with Disabilities Act. <u>Id.</u> The ADA prohibits discrimination under three categories: "employment (Title I); public services, programs and activities (Title II); and public accommodations (Title III)." <u>Lacy v. Cook Cty., Ill.</u>, 897 F.3d 847, 852 (7th Cir. 2018). The plaintiff's allegations do not relate to employment with the defendants or any lack of public accommodations for his alleged disability. This means that his claims must arise under Title II of the ADA pertaining to public services, programs and activities.

Under Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132. While the plaintiff may be referring to his desire to be heard at the bankruptcy proceeding, his allegations do not touch on anything related to a public service, program or activity. The plaintiff asserts only that "[i]ntentionally injuring a mentally ill person which causes more severe mental illness, symptoms, and a depression suicide problem for nearly 12 years is a violation of the American Disability Act 'ADA'." Dkt. No. 1 at 9. The court cannot tell to which section of the ADA the plaintiff is referring; it cannot find a portion of the statute that says that

5

intentionally injuring a mentally ill person violates the statute. The plaintiff has not stated a claim under the ADA.

    C.    <u>HIPAA (Count 4)</u>

The plaintiff brings a claim under HIPAA. The plaintiff states that "[s]ubmitting confidential medical information to a court without the permission of the patient is a violation of Health Insurance Portability and Accountability Act 'HIPAA'." <u>Id.</u> "HIPPA prohibits the disclosure of medical records without the patient's consent." <u>Stewart v. Parkview Hospital</u>, 940 F.3d 1013, 1015 (7th Cir. 2019) (citing 42 U.S.C. §§1320d-1 to d-7). It does not create a private right of action for an individual. <u>Id.</u> Rather, HIPAA is enforced by the Secretary of Health and Human Services. <u>Id.</u> The plaintiff cannot bring a claim under HIPAA.

    D.    <u>Obstruction of Justice (Count 5)</u>

Finally, the plaintiff alleges obstruction of justice. The plaintiff offers no detail on who obstructed justice or in what way justice was obstructed. The complaint states only, "**Count 5,** Obstruction of Justice." Dkt. No. 1 at 9. The plaintiff has not provided "a short and plain statement of the claiming showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff has failed to state a claim for obstruction of justice.

    E.    <u>Conspiracy (Count 1)</u>

Returning to the plaintiff's conspiracy claim, the plaintiff cannot bring that claim alone. Because the court has found that the plaintiff has not stated any other claims, he cannot bring a conspiracy claim.

### F. Other Considerations

The complaint suffers from other deficiencies. First, the plaintiff mentions different defendants in different portions of the complaint. His complaint was filed on this district's standard form (albeit with page two copied several times), dkt. no. 1 at 1-6, as well as "added pages" of allegations typed by the plaintiff, id. at 7-10 The portion of his complaint completed on the Eastern District form includes only three defendants: Milwaukee Catholic Archdiocese, Eastern District Federal Bankruptcy Court and Husch Blackwell (formerly Whyte Hirsch Duedek SC). Id. at 1. His "added pages" list six defendants—the three already listed plus Bishop William P. Callahan, Attorney and Archbishop Jerome E. Listecki and Federal Judge Susan Kelley. Id. at 7. The court cannot tell which of these individuals and entities the plaintiff wants to sue.

As to the plaintiff's claims against the bankruptcy judge and court, judicial immunity may apply. "The doctrine of judicial immunity . . . confers immunity from suit . . .." Dawson v. Newman, 419 F.3d 656, 660 (7th Cir. 2005). It "extends to acts performed by the judge 'in the judge's judicial capacity.'" Id. at 661 (citing Dellenbach v. Letsinger, 889 F.2d 755, 758 (7th Cir. 1989)). If a party believes that a judge made an error during the judicial process, the correct remedy is through the appellate process. Id. (citing Lowe v. Letsinger, 772 F.2d 308, 311 (7th Cir. 1985). The same is true of the bankruptcy court itself.

Despite these issues, the Seventh Circuit has held that when a court dismisses a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it normally should give the plaintiff at least one opportunity to amend before dismissing the case. Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). The court will give the plaintiff one chance to amend his complaint to try to state a claim, taking into account the court's analysis.

### III. Motion to Appoint Attorney (Dkt. No. 8)

As for the plaintiff's motion to appoint counsel, the court will defer ruling on the issue until it determines whether the plaintiff can file an amended complaint that states a claim upon which a federal court may grant relief.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that by the end of the day on **July 29, 2022**, the plaintiff must file an amended complaint that identifies, in one place, all the defendants he wishes to sue; describes the "who, what, when, where and how" of his claims—the name of the person or entity whom he believes harmed him, what they did to him, when they did it, where they did it and, if he knows, how they did it. The plaintiff must file his amended complaint in time for the court to *receive* it by the end of the day on July 29, 2022. If the plaintiff needs more time to file his amended complaint he may, *before* the end of the day on July 29, 2022, file a letter with the court asking for an extension of time. If the court

8

does not receive either the amended complaint or a written request for more time to do so by the end of the day on July 29, 2022, the court will dismiss this case for failure to state a claim.

The court is including with this order a blank copy of the court's amended complaint form, as well as a guide for people representing themselves in federal court.

The court **DEFERS RULING** on the plaintiff's motion to appoint counsel. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 8th day of July, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**