UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS S. CULVER,

        Plaintiff,

                                    Case No. 21-cv-1201-pp

  v.

MILWAUKEE CATHOLIC ARCHDIOCESE,
EASTERN DISTRICT FEDERAL BANKRUPTCY COURT,
and HUSCH BLACKWELL LLP,

        Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 8) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

On October 18, 2021, the plaintiff—representing himself—filed a complaint alleging (1) a conspiracy between the defendants, (2) defamation, (3) a violation of the Americans with Disabilities Act (ADA), (4) a violation of the Health Insurance Portability and Accountability Act (HIPAA), and (5) obstruction of justice. Dkt. No. 1. His claims relate to a bankruptcy proceeding in the Eastern District of Wisconsin Bankruptcy Court that occurred between 2012 and 2015 and an alleged "Pedophile cult" run by defendant Milwaukee Catholic Archdiocese. Id. at 7-10. The original complaint sought $5,000,000 in compensatory damages and $20,000,000 in punitive damages. Id. at 5. Along with the complaint, the plaintiff filed a motion to proceed without prepaying the filing fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 8.

1

On July 8, 2022, the court granted the motion to proceed without prepaying the filing fee but dismissed the complaint for failure to state a claim; the court ordered that if the plaintiff wanted to proceed with the lawsuit, then by the end of the day on July 28, 2022 he must file an amended complaint. Dkt. No. 9. The court deferred ruling on the motion to appoint counsel. Id. at 9.

On July 14, 2022—two weeks before the deadline the court had set—the court received the plaintiff's amended complaint. Dkt. No. 10. This order screens the amended complaint, concludes that it does not state a claim, dismisses the case and denies as moot the plaintiff's motion to appoint counsel.

## I. Amended Complaint (Dkt. No. 10)

In cases where a plaintiff asks to proceed without prepaying the filing fee, the court must dismiss the case if it determines that the plaintiff's claims are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the

2

allegations of a *pro se* plaintiff's complaint. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

The July 14, 2022 amended complaint names the same defendants as did the original complaint—the Milwaukee Catholic Archdiocese, the Eastern District Federal Bankruptcy Court and Husch Blackwell LLP. Dkt. No. 10 at 1. In the section of the amended complaint titled "STATEMENT OF CLAIM," the plaintiff wrote

> Milwaukee Archdioces[e], Federal Court, and Husch Blackwell violated my rights. Husch Blackwell on their letterhead produced a letter stating I was mentally unstable and should be removed from the Bankruptcy. I was removed. This was done during 2012 Bankruptcy of the Archdiocese for child rape. They did it to cover up the pedophilia activities of Bishop Callahan.

<u>Id.</u> at 2-3. The plaintiff marked the box indicating that he was suing for a violation of federal law. <u>Id.</u> at 4.

The amended complaint contains fewer facts and allegations than the original complaint and, unlike the original complaint, does not describe the rights the plaintiff asserts the defendants violated. The court explained to the plaintiff in its order dismissing the original complaint that he had not explained which defendant violated his rights and how; that he had made allegations about Bishop Callahan and the bankruptcy judge but had not named them as defendants; that he had alleged state-law claims such as defamation without alleging facts that supported the elements of such claims; that the plaintiff had sued under federal statutes for injuries not identified by those statutes; that he had sued under federal statutes for which there were no private rights of action; that the court could not tell who the plaintiff meant to sue; and that the

3

bankruptcy court and the bankruptcy judge might be protected by judicial immunity. Dkt. No. 9 at 4-8.

The amended complaint resolves few of these problems. In the amended complaint, the plaintiff named only three defendants—the Archdiocese, the bankruptcy court and the law firm of Husch Blackwell. But he made allegations against only one of those defendants—Husch Blackwell. He claims that the law firm wrote a letter on its letterhead saying that he was mentally unstable and that he should be removed from the bankruptcy case. He says this action caused him to be removed from the bankruptcy case and that the firm wrote the letter to cover up pedophilia by Bishop Callahan.

This sounds like a defamation claim. As the court explained in its July 8, 2022 order, to state a claim for defamation under Wisconsin law, the plaintiff must describe a false statement that is communicated by speech or in writing to someone other than the plaintiff and that harms the plaintiff's reputation or deters third persons from dealing with him. Id. at 4 (quoting Laughland v. Beckett, 365 Wis. 2d 148, 164 (Wis. Ct. App. 2015)). Although the plaintiff does not say who at Husch Blackwell signed the letter, describe the date of the letter or explain why he believes the letter resulted in his being dismissed from the bankruptcy case, the amended complaint comes closer than the original complaint to stating a defamation claim against the law firm. The amended complaint asserts that Husch Blackwell stated in writing—presumably to the bankruptcy court—that the plaintiff was mentally unstable. The amended complaint implies that it was not true that the plaintiff was mentally unstable.

4

And the amended complaint alleges that the plaintiff was harmed by the statement because he was removed from the bankruptcy.

But though the amended complaint comes a bit closer to alleging that one of the three defendants defamed him, it is still deficient in several respects. First, federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331.

The plaintiff marked the box on the amended complaint that stated he was suing for a violation of federal law. But defamation is a *state*-court claim. This federal court does not have federal question jurisdiction over a stand-alone defamation claim unless it is related to properly-alleged federal claim or unless the plaintiff makes the claim against a citizen of another state and asks for damages over $75,000. The amended complaint does not state *any* federal claims, so this court does not have "federal question" subject-matter jurisdiction over the defamation claim against Husch Blackwell.

That leaves "diversity jurisdiction." The amended complaint alleges that the plaintiff is a citizen of Wisconsin. In the section of the complaint that asks him to list the defendants and identify their states of citizenship and addresses, the plaintiff wrote only "Wisconsin." Dkt. No. 10 at 2. He did not explain which of the three defendants were citizens of Wisconsin; perhaps he

5

meant that all three defendants are citizens of Wisconsin. The Husch Blackwell website indicates that it has offices in several states, including Texas, Massachusetts, Tennessee, Illinois, Colorado, Nebraska, California, Wisconsin, Arizona, Rhode Island and Missouri. https://www.huschblackwell.com/offices. The Dun & Bradstreet business directory indicates that Husch Blackwell's corporate headquarters are in Kansas City, Missouri. https://www.dnb.com/business-directory/company-profiles.husch_blackwell _llp.371189464c87eef2bbb633f1ff729b83.html. Neither site identifies the corporate citizenship of Husch Blackwell. Perhaps it is a citizen of a state other than Wisconsin, which might provide the court with diversity jurisdiction.

But even giving the plaintiff the benefit of the doubt and assuming for the sake of argument that Husch Blackwell is a corporate citizen of a state other than Wisconsin, there is another problem. Wis. Stat. §893.57 governs the statute of limitations for actions to recover damages for libel, slander and other intentional torts. It requires such cases to be filed within three years after the cause of action accrues. The original complaint asserted that the bankruptcy case from which the plaintiff alleges that Husch Blackwell got him removed took place between 2012 and 2015. The plaintiff filed this lawsuit in October 2021—six years after he claims the bankruptcy case ended. He has waited far too long to file a defamation claim, even if this court had diversity jurisdiction to hear that claim.

The court suspects that the plaintiff was one of a group of individuals who filed claims after the Roman Catholic Archdiocese of Milwaukee filed for

6

Chapter 11 bankruptcy protection in 2011, asserting that they were victims of sexual abuse by members of the clergy and therefore creditors of the Archdiocese. Over 570 people filed sexual abuse claims in the bankruptcy proceeding; the Archdiocese settled with 330 of these individuals and "[t]he remaining 249 cases could not be substantiated or were dismissed . . . ." Brendan O'Brien, *Milwaukee archdiocese reaches $21 million settlement with abuse victims*, Reuters, August 4, 2015, available at https://www.reuters.com/article/us-usa-church-wisconsin/milwaukee-archdiocese-reaches-21-million-settlement-with-abuse-victims-idUKKCN0Q928W20150804. It appears that the plaintiff was one of the people whose cases could not be substantiated or were dismissed and the plaintiff disagrees with that result. Although the plaintiff is entitled to disagree with the bankruptcy judge's decision to dismiss his claim, the proper way to challenge that decision would have been for the plaintiff to either ask the bankruptcy judge to reconsider the decision or to appeal it under the rules of the Federal Rules of Bankruptcy Procedure. The time for filing such an appeal has long passed. See Fed. R. Bankr. P. 8002(a)(1) (generally requiring parties to file notices of appeal with the bankruptcy clerk within fourteen days after entry of the judge, order, or decree being appealed).

Finally, the amended complaint makes no specific allegations against the Archdiocese itself or against the bankruptcy court. The plaintiff says that the bankruptcy court removed him from the case but does not explain when or why he believes this action violated his rights. Nor does he address the judicial immunity problem; if the bankruptcy judge was acting in her official capacity

7

when she dismissed his claim, she likely is immune from suit, as is the bankruptcy court.

The original complaint failed to state a claim for which a federal district court could grant relief. The court has given the plaintiff an opportunity to try again to state a claim, but the amended complaint appears to allege only a state-court claim over which it is not clear the court has subject-matter jurisdiction, which appears to be time-barred and which appears to constitute an improper attempt to overturn a decision of the bankruptcy court. The court must dismiss the case.

## II.     Motion to Appoint Counsel (Dkt. No. 8)

The plaintiff filed a motion asking the court to appoint counsel to represent him. Dkt. No. 8. Because the court is dismissing the case, the motion to appoint counsel is moot.

## III.     Conclusion

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 8.

The court **ORDERS** that the case is **DISMISSED** for the plaintiff's failure to state a claim for which a federal court can grant relief. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this

deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend either deadline. See Fed. R. Civ. P. 6(b)(2).

Dated in Milwaukee, Wisconsin this 15th day of August, 2022.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge